UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ERIC HOLDER,

CASE NO.:

Plaintiff,

v.

CBN SOLUTIONS GROUP, INC. a Florida Profit
Corporation,

Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ERIC HOLDER ("HOLDER" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, CBN SOLUTIONS GROUP, INC., a Florida Profit Corporation ("CBN" or Defendant) and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to: recover minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon the FLSA, a federal statute.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Dekalb County, Georgia.

5. At all times material hereto, Defendant was and continues to be a Florida Profit Corporation. Further, at all times material hereto, Defendant was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida. Defendant, however, assigns employees to work in different states including, where Plaintiff was assigned, Mississippi.

6. Defendant's failure to pay Plaintiff the wages he earned occurred in Broward County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was and continues to be an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

12. Specifically, Defendant had two (2) or more employees handling, or otherwise working on goods that had been moved in or produced for commerce.

13. At all times material hereto, Defendant and Plaintiff installed computer and

telephone hardware for their customers and others, in various states.

14. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times relevant hereto, Defendant had more than two employees.

17. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

18. Specifically, at all times material hereto, Defendant had two (2) or more employees handling products, some or all of which were manufactured outside of the State of Florida.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

22. From March 16, 2016, until June 2, 2016, Plaintiff worked for Defendant as a laborer.

23. At various material times hereto, Plaintiff worked for Defendant in excess of forty

(40) hours within a work week.

24. During his employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

25. During various times of Plaintiff's employment, Defendant failed to compensate Plaintiff at the federally mandated minimum wage for all hours worked in excess of forty (40) hours in a single work week.

26. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

27. Plaintiff should be compensated at the federally mandated minimum wage for all hours that Plaintiff worked for Defendant.

28. Defendant has violated Title 29 U.S.C. §§ 206 and 207 throughout Plaintiff's employment in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA;

    c. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the federally mandated minimum wage for

4

all hours worked as required by the FLSA; and

d. Defendant failed to maintain proper time records as mandated by the FLSA.

29. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

34. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

35. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II-
### VIOLATION OF 29 U.S.C. §206 MINIMUM WAGE

38. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

39. During certain times of Plaintiff's employment, Plaintiff was not compensated at the federally mandated minimum wage for all hours worked.

40. Plaintiff was and is entitled to be paid at the statutory minimum wage for all hours worked.

41. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the federally mandated minimum wage when they knew, or should have known, such was, and is due.

43. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## DECLARATORY RELIEF

46. Plaintiff adopts all allegations in paragraphs 1 through 29.

47. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

48. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

49. Plaintiff may obtain declaratory relief.

50. Defendants employed Plaintiff.

51. Defendant is an enterprise, subject to the coverage of the FLSA in 2016.

52. Plaintiff was individually covered by the FLSA.

53. Defendant failed to pay Plaintiff minimum wage for all hours worked.

54. Defendant failed to pay Plaintiff for overtime hours worked.

55. Defendant failed to pay Plaintiff in a timely fashion, as required by the FLSA.

56. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

57. Defendant failed to take affirmative steps to support a good faith defense.

58. Plaintiff is entitled to liquidated damages.

59. It is in the public interest to have these declarations of rights recorded.

60. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

61. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff minimum wage for all hours worked;

    e. Awarding Plaintiff liquidated damages in an amount equal to the overtime and minimum wage award;

    f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Awarding Plaintiff pre-judgment interest;

    h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 18, 2016.

Respectfully submitted,

/s/
Richard Celler, Esq.
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*